**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

TIMOTHY FRELICK,   Case No: 22-          NI
                   Hon.
      Plaintiff,

vs.

1156729 Ontario, Inc. d/b/a CB
DELIVERIES, a foreign corporation, and
JOHN DOE, Jointly and Severally,

      Defendants.
_____

Joshua R. Terebelo (P72050)
Jordan M. Jones (P77866)
Jordan M. Ewald (P85650)
**MICHIGAN AUTO LAW, P.C.**
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, Michigan 48334
(248) 353-7575; Fax (248) 254-8091
jterebelo@michiganautolaw.com
jjones@michiganautolaw.com
jewald@michiganautolaw.com
_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

    /S/ Joshua R. Terebelo
    Joshua R. Terebelo (P72050)

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

NOW COMES the above named Plaintiff, TIMOTHY FRELICK, by and through his attorneys, MICHIGAN AUTO LAW. P.C., and says:

1. That the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

2. That the Plaintiff, TIMOTHY FRELICK, at all times material hereto, was a resident of Macomb Township, County of Macomb, and State of Michigan.

3. That upon information and belief, the Defendant, JOHN DOE, an unknown and unidentified individual (hereinafter "JOHN DOE"), at all times material hereto, was a resident of the Province of Ontario and Country of Canada.

4. That the Defendant, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, is a foreign corporation incorporated in the Province of Ontario, Country of Canada, and is authorized to do business in the City of Detroit, County of Wayne, and State of Michigan, by virtue of the Statutes of the State of Michigan and was at all times material hereto, doing business as Plaintiff is informed and believes.

5. Venue is otherwise appropriate within this jurisdiction.

## COUNT I

6. That on or about December 19, 2019, the Plaintiff, TIMOTHY FRELICK, was a pedestrian walking on foot through a private property, Anchor Bay Packaging, in the City of New Baltimore, County of Macomb, and State of Michigan.

2

7. That at the aforementioned time and place, the Defendant, JOHN DOE, was driving a tractor-trailer with the express and implied consent and knowledge of its owner, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, and was in the course and scope of his employment with 1156729 Ontario, Inc. d/b/a CB DELIVERIES, said company being liable under the doctrine of Respondeat Superior and the Owner's Liability Act.

8. At that time and place, the Defendant, JOHN DOE, owed the Plaintiff, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of New Baltimore.

9. That the Defendant, JOHN DOE, did then and there display negligence and misconduct by improperly backing up his tractor-trailer when it was not clear or safe to do so and striking the Plaintiff.

10. That at the said time and place, Defendant, JOHN DOE, was guilty of negligence and misconduct as follows:

    A. In improperly backing his tractor-trailer;

    B. In failing to yield the right of way to pedestrians;

    C. In failing to keep a reasonable lookout for other persons and vehicles;

D. In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

E. In failing to drive with due care and caution;

F. In failing to utilize the assistance of a "spotter" while backing a semi-truck;

G. In failing to take all possible precautions to avoid any collision with other motor vehicles; and

H. In failing to make and/or renew observations of the conditions of traffic on the highway.

11. The Defendant, JOHN DOE, was further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of the City of New Baltimore.

12. That among those Statutes Defendants, JOHN DOE and 1156729 Ontario, Inc. d/b/a CB DELIVERIES, violated include, but are not limited to the following:

| | | |
|---|---|---|
| Mich. Admin Code | R 28.1449 | Limitations on backing |
| M.C.L. | 257.401 | Owner liability; |
| M.C.L. | 257.602b | Reading, typing or sending text message |
| M.C.L. | 257.613 | Pedestrians; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |

4

| | | |
|---|---|---|
| M.C.L. | 257.648 | Stopping or turning and signals; |
| M.C.L. | 257.649 | Right-of-way; stop signs; merging; |
| M.C.L. | 257.655 | Pedestrian on highway; |
| M.C.L. | 257.674 | Prohibited parking; |
| M.C.L. | 257.674(a) | Clear vision area; prohibited parking; |
| M.C.L. | 257.675 | Parking Regulations |
| M.C.L. | 257.677 | View or control of driver; |
| M.C.L. | 257.683 | Unlawful to drive or, as owner, permit to be driven or moved unsafe vehicle; |
| M.C.L. | 257.694 | Parked vehicles; lighting; |
| M.C.L. | 257.697 | Signal devices; |
| M.C.L. | 257.705 | Brakes; |
| M.C.L. | 257.706 | Horns and warning devices; |
| M.C.L. | 257.708 | View of rear; mirrors; |
| M.C.L. | 257.709 | Unobstructed windshield and windows; |
| M.C.L. | 480.11, et seq. | Motor Carrier Safety Act of 1963; |
| 49 C.F.R. | | Motor Carrier Safety Act Code of Federal Regulations. |

13. That Defendants' negligence was the proximate cause of Plaintiff, TIMOTHY FRELICK, being seriously injured, suffering a serious impairment of body function and/or permanent serious disfigurement including closed head injuries, traumatic brain injury, neck requiring injection therapy and a rhizotomy and surgical recommendation with potential surgery, right shoulder, plus other injuries

5

to the head, neck, shoulders, arms, to other parts of his body, externally and internally, and some or all of which interferes with his enjoyment of life and experiencing great pain and suffering

14. That as a proximate result of said injuries, the Plaintiff, TIMOTHY FRELICK, suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with his enjoyment of life and may require psychiatric treatment, and more generally became sick and disabled, and some or all of said injuries, as set forth herein, may be permanent in nature.

15. That should it be determined at the time of trial that the said Plaintiff, TIMOTHY FRELICK, was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendant precipitated, exacerbated and aggravated any such pre-existing conditions.

WHEREFORE, the Plaintiff, TIMOTHY FRELICK, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT II: EXCESS ECONOMIC LOSSES

NOW COMES the Plaintiff, TIMOTHY FRELICK, and adds a Count II as follows:

16. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-15.

17. Plaintiff hereby claims damages for allowable expenses in excess of the amount covered by Plaintiff's No-Fault carrier, and work loss in excess of the daily, monthly, and three (3) year limitations, plus all other economic damages allowable under the Michigan No-Fault Law.

18. Plaintiff hereby claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count I.

WHEREFORE, the Plaintiff, TIMOTHY FRELICK, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT III: RESPONDEAT SUPERIOR

NOW COMES the Plaintiff, TIMOTHY FRELICK, and adds a Count III as follows:

19. Plaintiff hereby realleges, reaffirms and incorporate herein by reference all allegations in paragraphs numbered 1-18.

20. 1156729 Ontario, Inc. d/b/a CB DELIVERIES is the employer of JOHN DOE who was acting within the course and scope of her employment with

7

Defendant 1156729 Ontario, Inc. d/b/a CB DELIVERIES at the time of the accident herein.

21. That in addition to the allegations set out in Counts I and II, Defendant JOHN DOE's employer, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, is liable for Defendant JOHN DOE's negligence under the doctrine of Respondent Superior.

22. That as a proximate cause of Defendant JOHN DOE's negligence, Plaintiff, TIMOTHY FRELICK, was seriously injured and suffered additional injuries and damages as set out in Counts I and II.

WHEREFORE, the Plaintiff, TIMOTHY FRELICK, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this complaint.

## COUNT IV: NEGLIGENT ENTRUSTMENT AS TO DEFENDANT 1156729 ONTARIO, INC. D/B/A CB DELIVERIES

NOW COMES the Plaintiff, TIMOTHY FRELICK, and adds a Count IV as follows:

23. Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-22.

24. Defendant, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, owed the Plaintiff and the public at a large a duty to comply, and act in accordance with, the standards and requirements set forth in the Motor Carrier Safety Act, Title 49 of the

Code of Federal Regulations; The Federal Motor Carrier Safety Regulations; and the Michigan Motor Carrier Safety Act of 1963.

25. Defendant, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, was directly negligent, independent of the negligence of Defendant, JOHN DOE, in failing to comply with the standards and requirements as set forth in the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and the Michigan Motor Carrier Safety Act of 1963; in one or more of the following ways:

> A. Failing to properly screen and investigate Defendant, JOHN DOE, prior to hiring him, or in hiring him notwithstanding knowledge of his inexperience, lack of knowledge, and poor driving record and safety record;
>
> B. Failing to properly direct, instruct, supervise, and train and/or control, Defendant, JOHN DOE, regarding the safe operation of a commercial vehicle and compliance with applicable Federal and Michigan Statutes;
>
> C. Failing to take steps to ensure Defendant JOHN DOE's compliance with applicable Federal and Michigan statutes, and the standard of care for a truck driver; and

9

   D. Failing to systematically and properly inspect and maintain a vehicle under its ownership or control, the tractor-trailer operated by the Defendant, JOHN DOE, in accordance with the standards set forth in the Federal Motor Carrier Safety Regulations and Michigan Motor Carrier Safety Act.

26. Defendant, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, was negligent in failing to ensure that its employees and/or independent contractors adhere to the proper Federal and State regulations and/or failed to properly hire, direct, instruct, supervise, train, and/or control its employees, including but not limited to Defendant, JOHN DOE.

27. The negligence of Defendant, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, in hiring, directing, instructing, supervising, training and/or controlling Defendant, JOHN DOE, was a cause of the collision.

28. Defendant, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, was negligent in failing to ensure that the vehicles under its ownership or control were systematically and properly inspected, maintained, and repaired, as required by the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations; the Federal Motor Carrier Safety Regulations; and the Motor Carrier Safety Act of 1963.

29. The negligence of Defendant, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, in systematically inspecting, maintaining, and repairing the vehicles under its ownership or control, was a cause of the collision.

30. The Defendant, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, carelessly, recklessly and negligently entrusted the aforementioned motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, lack of knowledge, and consistently negligent driving, all of which were known by Defendant 1156729 Ontario, Inc. d/b/a CB DELIVERIES, or should have been known in the exercise of reasonable care and caution, such that the defendant-owners are hereby guilty of negligence, independent of the defendant-driver.

31. The negligence of Defendant, 1156729 Ontario, Inc. d/b/a CB DELIVERIES, in entrusting the aforementioned motor vehicle, and the operation thereof, to Defendant, JOHN DOE, was a cause of the collision.

WHEREFORE, the Plaintiff, TIMOTHY FRELICK, now claims judgment for whatever amount he is found to be entitled, plus costs, attorney fees and interest from the date of filing this Complaint.

        Respectfully Submitted,

        MICHIGAN AUTO LAW, P.C.

        /S/ Joshua R. Terebelo_____
        JOSHUA R. TEREBELO (P72050)
        Attorney for Plaintiff

Dated: May 19, 2022

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TIMOTHY FRELICK,

      Plaintiff,

vs.

1156729 Ontario, Inc. d/b/a CB DELIVERIES, a foreign corporation, and JOHN DOE, Jointly and Severally,

      Defendants.

Case No: 22-   NI
Hon.

_____

Joshua R. Terebelo (P72050)
Jordan M. Jones (P77866)
Jordan M. Ewald (P85650)
**MICHIGAN AUTO LAW, P.C.**
Attorneys for Plaintiff
30101 Northwestern Highway
Farmington Hills, Michigan 48334
(248) 353-7575; Fax (248) 254-8091
jterebelo@michiganautolaw.com
jjones@michiganautolaw.com
jewald@michiganautolaw.com
_____

## **DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, TIMOTHY FRELICK, by and through his attorneys, MICHIGAN AUTO LAW, P.C. and hereby demands a trial by jury in the above-entitled matter.

Respectfully Submitted,

MICHIGAN AUTO LAW, P.C.


/S/ Joshua R. Terebelo_____
JOSHUA R. TEREBELO (P72050)
Attorney for Plaintiff

Dated: May 19, 2022

Michigan Auto Law, 30101 Northwestern Highway, Farmington Hills MI 48334 (248) 353-7575